ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Brian M. Wheeler            State Bar No. 266661
    BWheeler@aalrr.com
Jon Ustundag                State Bar No. 330133
    Jon.Ustundag@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Plaintiffs
Trick or Treat Studios, LLC; and
TTS IP Holdings, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRICK OR TREAT STUDIOS, LLC, a Delaware limited liability company, and TTS IP HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company, UNIVERSAL STUDIOS LICENSING, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-3537<br><br>**COMPLAINT FOR**<br>**(i) COPYRIGHT INFRINGEMENT**<br>**(ii) VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**(iii) VIOLATION OF THE SHERMAN ACT—15 U.S.C. § 1**<br>**(iv) VIOLATION OF THE CARTWRIGHT ACT—CAL. BUS. & PROF. CODE § 16720**<br>**(v) UNFAIR BUSINESS PRACTICES—CAL. BUS. & PROF. CODE § 17200**<br><br>**AND DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiffs Trick or Treat Studios, LLC and TTS IP Holdings, LLC (collectively, "TOTS" or "Plaintiffs"), by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

## INTRODUCTION

1. TOTS designs, manufactures, and sells high-quality masks, costumes, props, action figures, collectibles, games, and other consumer goods inspired by the horror genre.

2. TOTS's goods are based on both original works, copyrights of which are owned by Plaintiffs, and licensed works.

3. Many of TOTS's goods are associated with famous and iconic motion picture characters, some of which were based on designs exclusively owned by Plaintiffs, including those featured in the 1982 film Halloween III: Season of the Witch ("Halloween III").

4. Copyrighted works exclusively owned by Plaintiffs and featured in Halloween III include, without limitation, the "1968 Skull Mask a/k/a Skull and Glow Skull" (U.S. Copyright Reg. No. VA 2-295-595; "'595 Reg.") and the "Hagatha the Witch Mask" (U.S. Copyright Reg. No. VA 2-295-955; "'955 Reg.") (collectively, "Copyrighted Artworks"). Copies of the certificates of registration of the Copyrighted Artworks are attached hereto as **Exhibit A**.

5. Without obtaining permission or authorization from Plaintiffs or compensating Plaintiffs, Defendants NBCUniversal Media, LLC ("NBCUniversal"), Universal Studios Licensing, LLC ("USL") (collectively, "Universal"), and DOES 1-100 (together with Universal, collectively, "Defendants") have infringed Plaintiffs' copyrights by copying, publicly displaying, reproducing, and distributing the Copyrighted Artworks and/or incorporating them in derivative works. Plaintiffs are informed and believe that DOES 1-100 include business entities and/or individuals that are parents, subsidiaries, affiliates, partners, and/or agents of Universal, and non-Universal business entities and/or individuals that are licensees

of Universal, that worked in concert with Universal in committing the acts which the Claims in this Complaint are directed to.

6. Additionally, Universal knowingly and willingly induced the infringing conduct of other Defendants, including several DOE Defendants that are purported licensees of Universal, by purporting to license the Copyrighted Artworks, knowing it had no ownership, title, or rights to the Copyrighted Artworks, for financial gain to a number of licensees who infringe Plaintiffs' copyrights by copying, publicly displaying, reproducing, and distributing the Copyrighted Artworks and/or incorporating them in derivative works.

7. Further, TOTS has been a longtime licensee and a valuable business partner of Universal on various licensed products. Despite this long and mutually beneficial and profitable relationship for both parties, Plaintiffs are informed and believe, and on that basis allege, Universal refused to renew its licensing agreements with TOTS in retaliation for Plaintiffs' attempts to enforce their intellectual property rights to the Copyrighted Artworks. Plaintiffs are informed and believe, and on that basis allege, that Universal colluded with at least one of the other Defendants, DOES 1-100, in devising and carrying out a plan that includes refusing the license agreement renewals to prevent TOTS from competing with them in their respective industries. Plaintiffs are also informed and believe that Universal and at least one of other Defendants, DOES 1-100, engaged in an arrangement where at least one of the other Defendants made available, or offered to make available, business opportunities to Universal otherwise not available had Universal renewed its licensing agreements with TOTS, or which conditioned such business opportunities on the non-renewal of Universal's licensing agreement with TOTS, with the intent to stifle competition from TOTS in the marketplace related to sale of TOTS's goods and to interfere with TOTS's business and relationship with Universal.

8. To protect their valuable intellectual property and ensure fair competition, Plaintiffs bring this lawsuit for copyright infringement, vicarious

COMPLAINT

and/or contributory copyright infringement, violation of the Cartwright Act, violation of the Sherman Act, and unfair business practices.

## THE PARTIES

9. Plaintiff Trick or Treat Studios, LLC is a Delaware limited liability company. Its principal office is located at 1005 17th Avenue, Santa Cruz, California 95062.

10. Plaintiff TTS IP Holdings, LLC is a Delaware limited liability company. Its principal office is located at 1005 17th Avenue, Santa Cruz, California 95062.

11. Plaintiffs are informed and believe and thereon allege that Defendant NBCUniversal is a Delaware limited liability company with a principal place of business at 30 Rockefeller Plaza, New York, New York 10112.

12. Plaintiffs are informed and believe and thereon allege that Defendant USL is a Delaware limited liability company with a principal place of business at 100 Universal City Plaza, Universal City, California 91608.

13. Plaintiffs are unaware of the true names of defendants DOES 1-100, inclusive, and thus sue them by fictitious names. Plaintiffs will amend the Complaint to insert the true names of the DOES 1-100 once ascertained.

## JURISDICTION AND VENUE

14. This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*, the Cartwright Act, Cal. Bus, & Prof. Code §§ 16700 *et seq*, and the Sherman Act, 15 U.S.C. § 1. All claims under federal and state law are based upon a common nucleus of operative facts, and the entire action commenced by this Complaint constitutes a single case that would ordinarily be tried in one judicial proceeding.

15. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b).

16. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' state law claims because the claims are so related to the federal

claims that they form part of the same case or controversy.

17. Plaintiffs are informed and believe and thereon allege that this Court has personal jurisdiction over Defendants because Defendants reside in this District, regularly conduct and solicit business in California, derive substantial revenue from goods and services rendered in California, and expect or reasonably should expect their infringing conduct to have consequences in California.

18. Venue in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that Defendants have a regular and established place of business in this District, and a substantial part of the acts and omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

19. On December 19, 2022, TOTS acquired Don Post Studios ("DPS") from Gemmy Industries Limited ("Gemmy") (Prior to TOTS's purchase of DPS from Gemmy, DPS was succeeded by Paper Magic Group, Inc. ("PMG")). DPS was a famous designer, maker, and seller of high-quality and iconic masks, costumes, props, and other consumer goods inspired by the horror genre. In particular, DPS was involved in the creation of various masks featured in the Halloween film franchise.

20. TOTS also acquired DPS's various intellectual property rights, which include exclusive rights to a number of copyrights for works of authorship, including the masks used and prominently featured in Halloween III. Two of such copyrighted mask designs were later registered by TTS IP Holdings, LLC as the Copyrighted Artworks. Trick or Treat Studios, LLC is a licensee of TTS IP Holdings, LLC for the Copyrighted Artworks.

21. The design subjects of the '595 Reg. and the '955 Reg. (reproduced below) were created by DPS in 1967 and 1982, respectively. The designs also appear in various Don Post Studios Catalogs, dating back to 1967 and 1982, respectively.

| '595 Reg. | '955 Reg. |
|---|---|
| | |

22. TOTS has been selling goods such as masks, costumes, accessories, and ornaments based on the Copyrighted Artworks throughout the country, including in this District.

23. In addition to having registered the Copyrighted Artworks, TOTS routinely notifies the public of its copyrights by placing conspicuous copyright notices regarding the Copyrighted Artworks on its website, contracts, brochures, and other media.

24. In 2021, Universal approached Plaintiffs to inquire whether Plaintiffs owned exclusive rights to the Copyrighted Artworks. Plaintiffs confirmed to Universal that Plaintiffs indeed owned the exclusive rights to the Copyrighted Artworks and other works of authorship and, during the course of this dialogue, Universal admitted Universal did not own such rights.

25. Despite being informed and having knowledge that it never has owned rights to the Copyright Artworks, Plaintiffs are informed and believe, and on that basis allege, that Defendants have been making and selling goods, or having goods made and sold at their direction, using the Copyrighted Artworks, including, for example, and without limitation, the artworks of Halloween III Blu-Ray releases,

toys, games, apparel, accessories, and other goods (collectively, "Infringing Goods"). Reproduced images of exemplary Infringing Goods clearly copied from and substantially similar to the Copyrighted Artworks are attached hereto as **Exhibit B**.

26. Plaintiffs are informed and believe, and on that basis allege, that Universal has been purporting to license the Copyrighted Artworks to various business partners, including Defendants, DOES 1-100, for Defendants to make and sell derivative merchandise based on the Copyrighted Artworks, which are additional Infringing Goods, despite being informed and having knowledge that Universal has never owned rights to the Copyright Artworks that it purports to license and collect royalty payments from sales of Infringing Goods. As a result, Defendants, and each of them, have profited from the sale of Infringing Goods, and Universal has profited from royalties received from the licensing and sale of Infringing Goods.

27. Universal's infringement has been knowing, willful, and in complete contempt for Plaintiffs' rights. TOTS has been a longtime licensee and a valuable business partner of Universal on various licensed products it makes and sells. Despite this long and profitable relationship for both parties, Universal refused to renew its licensing agreements with TOTS.

28. Plaintiffs are informed and believe, and on that basis allege, that Universal's refusal to renew its licensing agreements with TOTS was in retaliation to Plaintiffs' attempts to enforce their intellectual property rights, and was a joint effort among Defendants, including Universal and one or more of its licensees named as Doe Defendants herein, to phase out Plaintiffs from competition and gain market share, while attempting to deter and punish Plaintiffs for trying to assert their intellectual property rights.

29. Plaintiffs are also informed and believe, on that basis allege, that Universal and at least one of the other Defendants engaged in an arrangement where

at least one of the Defendants made available lucrative business opportunities to Universal on the condition that Universal does not renew its licensing agreements with TOTS, with the intent to stifle competition from TOTS in the marketplace related to sale of TOTS's goods and to interfere with TOTS's business and relationship with Universal.

30. In view of the above, Plaintiffs bring the following claims for copyright infringement and unfair competition.

## COUNT I

### (Copyright Infringement—17 U.S.C. § 501, *et seq.*)

31. Plaintiffs repeat, reallege, and incorporate herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

32. Plaintiffs are the owners of the copyrights to the Copyrighted Artworks.

33. As the owners of the Copyrighted Artworks, Plaintiffs have the exclusive right to copy, reproduce, distribute, display publicly, prepare derivative works of, and sell the Copyrighted Works.

34. Without permission or authorization, Defendants copied, reproduced, displayed, distributed, and/or prepared derivative works of the Copyrighted Artworks.

35. Defendants performed the acts alleged in the course and scope of its business activities.

36. As a result of the infringement of the Copyrighted Artworks, Plaintiffs have been damaged and Defendants have been unjustly enriched.

37. The harm caused to Plaintiffs has been irreparable.

38. Defendants' actions violate Plaintiffs' exclusive rights as the copyright owners of the Copyrighted Artworks.

39. Defendants' infringement is knowing and willful.

40. Defendants have harmed and will continue to harm Plaintiffs unless enjoined and restrained by this Court.

41. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing the Copyrighted Artworks and ordering Defendants to destroy or surrender goods made in violation of Plaintiffs' copyrights.

42. Defendants' infringement has caused and will continue to cause Plaintiffs damages in in an amount to be proven at trial.

43. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to damages, including infringers' profits of Defendants, as will be proven at trial.

44. In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to statutory damages.

45. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## COUNT II

### (Vicarious And/Or Contributory Copyright Infringement)

46. Plaintiffs repeat, reallege, and incorporate herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

47. Without permission or authorization from Plaintiffs, Universal purported to license rights to copy, reproduce, display, distribute, and/or prepare derivative works of the Copyrighted Artworks to Defendants.

48. Without permission or authorization from Plaintiffs and under directives from Universal, Defendants copied, reproduced, displayed, distributed, and/or prepared derivative works of the Copyrighted Artworks.

49. Universal gained direct financial benefit from the purported licenses and the goods sold by Defendants based on the purported licenses from Universal.

50. Universal knew the copying, reproduction, display, distribution, and/or preparation of derivative works of the Copyrighted Artworks by Defendants was without consent of the copyright owners and constituted infringement.

51. Universal materially contributed to the infringing activities of

Defendants by purporting to license rights to the Copyrighted Artworks and by accepting royalty payments from Defendants from sales of Infringing Goods.

52. As a result of the infringement of the Copyrighted Artworks, Plaintiffs have been damaged and Defendants have been unjustly enriched.

53. The harm caused to Plaintiffs has been irreparable.

54. Universal's actions violate Plaintiffs' exclusive rights as the copyright owners of the Copyrighted Artworks.

55. Universal has harmed and will continue to harm Plaintiffs unless enjoined and restrained by this Court.

56. Plaintiffs are entitled to injunctive relief prohibiting Universal from further purporting to license the Copyrighted Artworks and ordering Universal to terminate all agreements with Defendants made in violation of Plaintiffs' copyrights.

57. Universal's vicarious and/or contributory infringement has caused and will continue to cause Plaintiffs damages in in an amount to be proven at trial.

58. Plaintiffs are entitled to damages, including infringers' profits, as will be proven at trial.

59. Plaintiffs are entitled to its costs, including reasonable attorneys' fees.

## COUNT III

### (Violation of the Sherman Act—15 U.S.C. § 1)

60. Plaintiffs repeat, reallege, and incorporate herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

61. Plaintiffs are informed and believe that Universal and at least one of the other Defendants, DOES 1-100, entered in a tying arrangement where Universal would decline to renew any existing licensing agreements it has with TOTS and, in return, Defendants would continue to provide lucrative business opportunities to Universal, with the intent to stifle competition from TOTS in the marketplace related to sale of TOTS's goods and to interfere with TOTS's business and

relationship with Universal. This arrangement was designed to suppress competition between Plaintiffs and Defendants, thereby enriching Defendants and economically harming Plaintiffs.

62. The tying arrangement entered by Universal and one or more other Defendants, DOES 1-100, is unlawful under the Sherman Act, 15 U.S.C. § 1.

63. Plaintiffs are entitled to an injunction against Defendants, preventing and restraining the violation alleged herein, as well as enjoining Defendants from engaging in similar conduct in the future.

## COUNT IV

**(Violation of the Cartwright Act—Cal. Bus. & Prof. Code § 16720, *et seq.*)**

64. Plaintiffs repeat, reallege, and incorporate herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

65. Plaintiffs are informed and believe, and on that basis allege, that Universal and one or more other Defendants, DOES 1-100, jointly acted to prevent competition between Plaintiffs and Defendants by colluding in rendering the decision to decline to renew existing licensing agreements between TOTS and Universal, with the intent to stifle competition from TOTS in the marketplace related to sale of TOTS's goods and to interfere with TOTS's business and relationship with Universal.

66. The joint effort by Universal and one or more other Defendants, DOES 1-100, to prevent competition in the manufacture and sale of costume, collectable, and entertainment goods establishes a trust under Cal. Bus. & Prof. Code § 16720 and is unlawful under Cal. Bus. & Prof. Code § 16726.

67. Plaintiffs are entitled to injunctive relief against Defendants, preventing and restraining the violation alleged herein, as well as enjoining it from engaging in similar conduct in the future.

//
//

## COUNT V

**(Unfair Business Practices—Cal. Bus. & Prof. Code § 17200, *et seq.*)**

68. Plaintiffs repeat, reallege, and incorporate herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

69. Plaintiffs are informed and believe, and on that basis allege, that Universal and one or more other Defendants, DOES 1-100, jointly acted to prevent competition between Plaintiffs and Defendants by colluding in rendering the decision to decline to renew existing licensing agreements between TOTS and Universal, with the intent to stifle competition from TOTS in the marketplace related to sale of TOTS's goods and to interfere with TOTS's business and relationship with Universal.

70. The tying arrangement entered into and joint effort by Universal and one or more other Defendants, DOES 1-100, to prevent competition in the manufacture and sale of costume, collectable, and entertainment goods establishes a trust under Cal. Bus. & Prof. Code § 16720 and is unlawful under Cal. Bus. & Prof. Code § 16726 and under the Sherman Act, 15 U.S.C. § 1, and is therefore unlawful acts in violation of California Business & Professions Code § 17200, *et seq*.

71. As a direct and proximate cause of the unlawful and unfair business practices of Defendants described above, Defendants have profited, and will continue to profit, from its wrongful acts.

72. As a direct and proximate result of Defendants' wrongful conduct, TOTS has been harmed, and such harm will continue unless Defendants' acts are enjoined by the Court. TOTS has no adequate remedy at law for Defendants' continuing violation of TOTS's rights.

73. Defendants should be required to restore to TOTS any and all profits Defendants earned as a result of Defendants' unlawful actions, or provide TOTS with any other restitutionary relief as the Court deems appropriate.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.  For an award of damages pursuant to 17 U.S.C. § 504(b) and other applicable law, including actual damages and Defendants' profits as will be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c);

B.  For additional damages as proven at trial;

C.  For attorneys' fees and costs incurred in this action pursuant to 17 U.S.C. § 505 and other applicable law;

D.  For preliminary and permanent injunctive relief to prevent Defendants from further direct, vicarious, and/or contributory infringement of the Copyrighted Artworks as well acts of unfair competition;

E.  Award restitutionary relief against Defendants and in favor of Plaintiffs, including disgorgement of wrongfully obtained profits and any other appropriate relief;

F.  Award Plaintiffs punitive damages pursuant to California law in an amount sufficient to punish Defendants and deter such willful misconduct in the future;

G.  For an award of prejudgment and post-judgment interest and costs of suit to the extent permitted by law; and

H.  For such other and further legal and equitable relief as this Court deems just and proper.

Dated: May 9, 2023

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:  */s/ Brian M. Wheeler*
Brian M. Wheeler
Attorneys for Plaintiffs
Trick or Treat Studios, LLC; and
TTS IP Holdings, LLC

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Trick or Treat Studios, LLC and TTS IP Holdings, LLC, hereby demand a jury trial on all issues raised in the Complaint so triable.

Dated: May 9, 2023

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: */s/ Brian M. Wheeler*
Brian M. Wheeler
Attorneys for Plaintiffs
Trick or Treat Studios, LLC; and
TTS IP Holdings, LLC